IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| JEAN COULTER, | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | Civil Action No. 12-978 | |
| | ) | | |
| MARY SUZANNE RAMSDEN, et al., | ) | Magistrate Judge Mitchell | |
| Defendants. | ) | | |

AMENDED REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that this case be dismissed for lack of subject matter

jurisdiction.

II.     Report

On July 13, 2012,  a Report and Recommendation was filed (ECF No. 2), recommending

that the complaint filed by Plaintiff Jean Coulter (ECF No. 1) be dismissed for lack of subject

matter jurisdiction.  On July 27, 2012, Plaintiff filed objections to the Report and

Recommendation.  This Amended Report and Recommendation is being filed to address those

objections.

Plaintiff, Jean Coulter, brings yet another civil rights action[1] arising out of the

termination of her parental rights over her minor daughter.  In this case, she sues her former

attorneys (Mary Suzanne Ramsden, Stephanie Anderson), the attorneys' law firm (Raphael,

Ramsden & Behers), the attorney for Butler County Children and Youth Services (Dennis

McCurdy) and Thomas Doerr, Judge of the Court of Common Pleas of Butler County,

---

[1] This is the fifth such case Coulter has filed since September 2011: see Civ. A. Nos. 11-1201, 12-60, 12-338 and 12-641.  She has now filed a sixth case, No. 12-1050.

Pennsylvania.  The Complaint purports to allege violations of her rights to due process and

"fundamental rights of a parent" pursuant to 42 U.S.C. § 1983 against these defendants arising

out of the attorneys' handling of "custody matters" in the Butler County Court of Common Pleas.

However, because she has not named a state actor other than a state court judge who is

absolutely immune from suit, and because her conclusory allegations of conspiracy are

insufficient to state a claim, the complaint must be dismissed for lack of subject matter

jurisdiction.

Facts

Plaintiff alleges that, in 2010, she hired Ramsden and Anderson and their law firm to

represent her in custody matters before the Court of Common Pleas of Butler County.  (Compl.

¶ 1.)[2]  She contends that Ramsden failed to ask for a list of witnesses from the other side and

falsely gave the impression that she was preparing for trial.  (Compl. ¶ 6.)  In mid-July 2010, just

before commencement of testimony, Plaintiff spoke with Ramsden and discovered that none of

the motions prepared by Anderson had been presented to the court.  (Compl. ¶ 8.)  On the

opening day of testimony, July 14, 2010, Plaintiff learned that Ramsden had never followed up

with preparing witnesses and was told that she (Coulter) would be called as the first witness for

the other side, with no preparation.  (Compl. ¶¶ 9-10.)  McCurdy accused Coulter of not even

attempting to comply with programs required by the court, but Ramsden never explained to her

that she did not have to testify and did not have to answer any question on any topic, even when

McCurdy introduced mattes that were prohibited from entry into the case.  (Compl. ¶ 11.)

According to Plaintiff, Ramsden failed to impeach a witness who testified against Coulter

with the fact that this person had been involved in the theft of Coulter's mail.  (Compl. ¶ 12.)

---

[2] ECF No. 1.

Ramsden permitted opposing counsel to solicit hearsay testimony from witnesses. (Compl. ¶ 13.) Ramsden made no attempt to prepare Coulter's character witnesses, permitted the admission of the entire record of another case at which the standard of proof is much lower, permitted opposing counsel to ask witnesses about their opinions of the "credibility" of upcoming witnesses, failed to follow up on questioning, permitted testimony to stand which suggested that "hazardous" conditions of Coulter's house still existed, permitted hearsay testimony to be admitted, failed to "call" the judge on his determination that comments made by a third party are part of res gestae and therefore admissible, failed to assure that important pages of Coulter's evidence were actually present in the exhibits, failed to thoroughly cross-examine a witness named Graham who testified that Coulter never completed anger management, permitted Graham to sit at the prosecution table throughout another witness' testimony despite the fact that she had received permission of court to have witnesses leave the room until it was time for their testimony, permitted McCurdy to question Graham about what outside contact the child would have while enrolled in cyber school, allowed issues to remain uninvestigated, claimed there were "problems" with the opposing side's case but never followed up with the witnesses, and permitted lay witnesses to give expert testimony. (Compl. ¶¶ 14-36.)

Procedural History

Plaintiff filed this action on July 12, 2012. In Count I, she alleges that her "fundamental rights of a parent" were violated when Ramsden and Anderson failed to prepare witnesses, failed to prepare her to testify and "assur[ed] that Coulter would lose the case, and be denied custody of her only child." In Count II, she alleges that her due process rights were violated when Ramsden and Anderson "assured that the extremely biased Judge was able to make all determinations by himself" and that they "did not object when impermissible 'facts' and records were introduced

3

(through evidence and testimony) they permitted a clearly unfair advantage to be given to the opposing side." She seeks $100,000,000.00.

Standard of Review

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3). Although the defendants have not yet been served and raised the issue, "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte." Liberty Mut. Ins. Co. v. Ward Trucking Co., 48 F.3d 742, 750 (3d Cir. 1995). Moreover, some cases are "wholly insubstantial, frivolous, and completely devoid of merit" such that they must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Mikkilineni v. Gibson-Thomas Eng'g Co., 379 Fed. Appx. 253 (3d Cir. 2010) (citing Oneida Indian Nation of N.Y. v. Oneida County, N.Y., 414 U.S. 661, 666 (1974)).

Section 1983 Claims

Plaintiff predicates jurisdiction on 42 U.S.C. § 1983, which provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

"For a plaintiff to recover under § 1983, she must establish that the defendant acted under color of state law to deprive the plaintiff of a right secured by the Constitution." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). Even assuming that Plaintiff was deprived of a federal constitutional right, she has not alleged that this deprivation was accomplished by "conduct sanctioned under the color of state law."

4

Judicial Immunity

As Plaintiff is well aware, she cannot sue Judge Doerr because she is unhappy with his judicial rulings. A judge is immune from liability for all actions taken within a judicial capacity. Mireles v. Waco, 502 U.S. 9 (1991); Forrester v. White, 484 U.S. 219, 225 27 (1988); Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is an "immunity from suit, not just from ultimate assessment of damages." Mireles, 502 U.S. at 11. Further, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 356-57 (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)).

Plaintiff's first civil rights suit, Civ. A. No. 11-1201 (against Judge Doerr), was dismissed on the grounds of judicial immunity and the dismissal was affirmed on appeal before the Court of Appeals for the Third Circuit. In her fourth case, No. 12-641, after a Report and Recommendation was filed recommending that the case be dismissed because she named no state actors, she filed objections stating that she had referred to state court judges but not named them "as it is believed that they may be immune from suit" (ECF No. 3 at 2.) Nevertheless, she persists in suing Judge Doerr. As she knows, he has absolute judicial immunity from suit. In the alternative, as explained in the Supplemental Report and Recommendation filed in No. 12-641, Judge Doerr is a state agent whose actions, taken in his official capacity as a judge, are considered those of the state which are barred from suit in federal court under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989). The Court of Appeals has held that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction."

Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citation omitted).

Thus, either under the doctrine of judicial immunity or Eleventh Amendment immunity, Judge

Doerr is immune from suit.

Other Parties

"Attorneys performing their traditional functions will not be considered state actors

solely on the basis of their position as officers of the court." Angelico v. Lehigh Valley Hosp.,

Inc., 184 F.3d 268, 277 (3d Cir. 1999) (citations omitted). See also Steward v. Meeker, 459 F.2d

669, 669 (3d Cir. 1972). Thus, Ramsden, Anderson and their law firm are not state actors and

cannot be sued for violating Plaintiff's civil rights under § 1983. Nor can McCurdy. In addition,

under Pennsylvania law, the actions of an attorney in representing his client are absolutely

immune from attack by another party. See Binder v. Triangle Publications, Inc., 275 A.2d 53, 56

(Pa. 1971); Brown v. Delaware Valley Transport Program, 539 A.2d 1372, 1374 (Pa. Super.

1988). Thus, Plaintiff cannot sue McCurdy for his actions in representing CYS.

According to the allegations of Plaintiff's complaint, she hired Ramsden and Anderson to

represent her in her custody dispute and they did not perform their jobs adequately, resulting in

her loss of custody of her daughter. Plaintiff was not happy with these events, but that does not

mean that action was taken under color of state law.

The Court of Appeals has noted that "[p]rivate parties who corruptly conspire with a

judge in connection with [an official judicial act] are … acting under color of state law within the

meaning of § 1983." Great Western Min. & Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159,

176 (3d Cir. 2010) (quoting Dennis v. Sparks, 449 U.S. 24, 29 (1980)). However, the Court of

Appeals went on to note that "[t]he Supreme Court has held that 'merely resorting to the courts

and being on the winning side of a lawsuit does not make [the winning] party a co-conspirator or

a joint actor with the judge.'" Id. at 178 (quoting Dennis, 449 U.S. at 28). To properly plead an agreement, "a bare assertion of conspiracy will not suffice." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

In this case, as in Great Western, Plaintiff has merely asserted that her attorneys conspired with Judge Doerr to deprive her of her rights. See Compl. ¶ 6 & n.1 (alleging that Ramsden told her that she could speak to witnesses from the other side, "but their witnesses will just say whatever the Judge wants them to say" and that she "was aware through other sources that Ramsden and the Judge had a long-standing personal friendship—through Doerr's current wife"); Count II (alleging that Ramsden and Anderson "assured that the extremely biased Judge was able to make all determinations by himself" and that, by failing to follow through on the presentation of contradicting facts, they "assured that the Appeals Court would have a one-sided picture to look at—just as is obviously what was agreed to directly in the conspiracy with Doerr and McCurdy.") Such bald accusations are insufficient to allege a conspiracy and to make private parties into state actors.

In her objections, Plaintiff adds the contention that "it is readily apparent that Ramsden's opinion that Coulter is a Lesbian, came directly from her co-conspirators." (ECF No. 3 ¶ 2.) Even if Ramsden holds this opinion, it does not constitute a violation of Plaintiff's civil rights.

The Court of Appeals has directed that, prior to dismissing a complaint, "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Great Western, 615 F.3d at 174 (quoting Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008)). However, as in Great Western, the Court should conclude that it would be futile to allow Plaintiff to amend her complaint to pursue these frivolous allegations of conspiracy.

For all of these reasons, it is recommended that this case be dismissed for lack of subject

matter jurisdiction.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

Respectfully submitted,

s/Robert C. Mitchell_____
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: July 31, 2012

cc:     Jean Coulter
        4000 Presidential Boulevard
        Apartment #507
        Philadelphia, PA 19131