IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 12-978 |
| | ) Judge Cathy Bissoon |
| MARY SUZANNE RAMSDEN, *et al.*, | ) Magistrate Judge Mitchell |
|     Defendants. | ) |

## MEMORANDUM ORDER

Jean Coulter ("Plaintiff") brings the instant cause of action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, alleging violations of various constitutional rights due to the alleged bad acts of Defendants.[1] See generally (Doc. 1). This matter was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges. On July 13, 2012, the magistrate judge *sua sponte* issued a report and recommendation recommending that this case be dismissed due to lack of subject matter jurisdiction. (Doc. 2). Plaintiff timely filed objections on July 27, 2012. (Doc. 3). In response to those objections, the

---

[1] This is the fifth of six civil rights cases that have been filed in this Court by Plaintiff since September of 2011. All of these cases appear connected with state court proceedings involving Plaintiffs' criminal conviction for assaulting her minor child, and/or the subsequent termination of her parental rights. See Civ. A. Nos. 11-1201, 12-60, 12-338, 12-641, and 12-1050. Plaintiff appealed from the dismissal of 11-1201 on March 26, 2012. The dismissal of that case was affirmed summarily on May 30, 2012. See Coulter v. Doerr, No. 12-1864, 2012 WL 1941594 (3d Cir. May 30, 2012). Chief United State District Judge Gary L. Lancaster dismissed 12-641 for lack of jurisdiction on June 17, 2012, and that decision currently is before the Court of Appeals. See Coulter v. Allegheny Cnty. Bar Assoc., No. 12-2988 (3d Cir. filed July 18, 2012). As of the date of this writing, motions to dismiss are pending in 12-60 and 12-338. No action has been taken on 12-1050 since the filing of the complaint on July 27, 2012.

1

magistrate judge filed an amended report and recommendation on July 31, 2012.[2] (Doc. 4). Plaintiff timely filed objections to the amended report on August 15, 2012. (Doc. 5).

The bases for Plaintiff's objections are largely addressed in the magistrate judge's latest report. However, in the interest of thoroughness, the undersigned will address two of Plaintiff's arguments specifically.

First, Plaintiff asserts that she has an "absolute right" to amend a deficient civil rights complaint, and that it was error for the magistrate judge to recommend that leave to do so be denied. (Doc 5. at 2). The United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). In the instant case, it is clear that Plaintiff's allegations in her complaint are insufficient to state a plausible claim for conspiracy. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (a complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face"). Despite Plaintiff's protestations to the contrary, there is no indication – either in the text of the complaint, or in either set of objections – that granting leave to amend would be anything other than futile. Accordingly, this argument is unpersuasive.

Second, Plaintiff alleges that the magistrate judge has denied a "[p]etition for [his] recusal," and she moves this Court to effect his "removal." (Doc. 5 at 1). At the outset, this

---

[2] It is clear that the amended report and recommendation is intended to stand on its own. See (Doc. 4). Accordingly, the magistrate judge's report of July 13, 2012 (Doc. 2), will not be considered as a basis for disposing of Plaintiff's claims.

Court notes that Plaintiff has not, in fact, filed a motion for recusal in this case. Additionally, in spite of her vitriolic, unsubstantiated accusations to the contrary, there is no indication in the record of this case, or in any of Plaintiff's other, numerous civil rights cases mentioned above, that the magistrate judge has behaved in a manner that "was anything other than completely fair and impartial." Coulter v. Doerr, No. 12-1864, 2012 WL 1941594, at *2 (3d Cir. May 30, 2012). Indeed, the filing of an amended report and recommendation in response to Plaintiff's initial objections, see (Doc. 4), is indicative of the magistrate judge's thorough analysis of Plaintiffs' claims, as well as his commitment to arriving at the proper result under the law.[3] As the Court of Appeals for the Third Circuit has made quite clear to Plaintiff before, her mere displeasure with the magistrate judge's rulings is not an adequate basis for his recusal.[4] Doerr, 2012 WL 1941594, at *3 (citing Securacomm Consulting Inc. v. Securacom, Inc., 244 F.3d 273, 278 (3d Cir. 2000)).

After *de novo* review of the pleadings and documents in the case, together with the amended report and recommendation (Doc. 4), as well as Plaintiffs objections (Docs. 3 and 5), the following ORDER is entered:

---

[3] This conclusion is supported further by the fact that Plaintiff's initial objections were devoid of citations to any case law to support her arguments – most of which were entirely spurious. See, generally (Doc. 3).

[4] Despite her failure to file a motion for recusal in this case, Plaintiff's other cases are rife with baseless demands that the presiding judge or judges recuse themselves. Plaintiff is warned that, by filing motions that she knows to be abusive, harassing, or meritless, she exposes herself to sanctions under Rule 11 of the Federal Rules of Civil Procedure, which apply to *pro se* litigants as well as to attorneys. Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D. Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D. Del. Dec 12, 2003)). Plaintiff further is warned that Rule 11 sanctions also may be issued if she persists in the use of the vitriolic and harassing language that has been characteristic of her filings to date. See Hill v. Carpenter, 323 F. App'x 167, 171 (3d Cir. 2009).

AND NOW, this 21st day of August, 2012,

IT IS HEREBY ORDERED that this civil action is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that, to the extent that Plaintiff's second set of objections may be construed as a "motion to remove" Judge Mitchell from this case, the same is DENIED.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation (Doc. 4), as it is supplemented by this memorandum order, is adopted as the opinion of the Court.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc:
**JEAN COULTER**
4000 Presidential Boulevard
Apartment #507
Philadephia, PA 19131